IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Elvis Basic, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:25-cv-231 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Bureau of Prisons, and Centre, Inc., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, Elvis Basic, an inmate serving his remaining sentence at Centre, Inc. ("Centre"), through the Bureau of Prisons' Residential Reentry Program, filed a petition for habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Basic seeks relief from two disciplinary actions resulting in the loss of good conduct time credits. Id. at 2. Respondents oppose Basic's § 2241 petition and contend Basic failed to exhaust the Bureau of Prisons' ("BOP") administrative process and Basic was appropriately sanctioned for two escape violations. (Doc. 15 at 1-2). The parties have consented to the exercise of jurisdiction by a magistrate judge. (Doc. 3; Doc. 14).

I.      **BACKGROUND**

Since January 8, 2025, Basic has been serving the remainder of a 120-month sentence of imprisonment at Centre, a BOP contracted residential reentry center located in Mandan, North Dakota. (Doc. 17, ¶¶ 2-3). Basic is expected to complete his sentence on December 29, 2025, based on his accumulated First Step Act credits and good conduct time credits. Id. ¶ 2. During his intake, Basic was provided with Centre's rules and orientational materials, including a resident handbook. Id. ¶¶ 4-5. The dispute here involves two disciplinary sanctions imposed on Basic resulting in the loss of good time credits.

1

### A.      February 15, 2025 Incident

On February 16, 2025, a Centre staff member prepared an incident report alleging Basic committed the prohibited act of escape with return within four hours. (Doc. 19, ¶ 6). The incident report alleged on February 15, 2025, Basic signed out on a two and one-half-hour pass to attend a religious service at the Church of the Latter-Day Saints. Id. Basic left Centre at 5:29 p.m. and returned at 8:02 p.m. Upon confirming the details of his leave, Centre staff learned the Latter-Day Saints held no church services on February 15, 2025, the only activities that day were for school-aged children, and the church office closed at 6:00 p.m. Id. Basic was provided a notice of disciplinary hearing on February 18, 2025. The notice advised Basic of his hearing rights, including the right to a staff representative and to present witnesses in his defense. Id. ¶ 7.

A disciplinary hearing was held on February 19, 2025. At the hearing, Basic admitted he did not attend a church service on February 15, 2025. Id. ¶ 8. Basic claimed he went to the church and sat. The disciplinary committee found Basic guilty of an escape violation based on his unauthorized absence. Id. Basic was specifically authorized to leave Centre to attend a church service, but he did not attend a service because there was no service to attend, and he did not immediately return to Centre. Id. ¶¶ 7-10. Basic was disallowed twenty-seven days of good time credits as a sanction. Id. ¶ 11.

### B.      February 16, 2025 Incident

On February 17, 2025, Centre staff prepared a second incident report alleging Basic committed the prohibited act of escape with return within four hours. Id. ¶ 12. This report alleged on February 16, 2025, Basic signed out for a religious service at the First Lutheran Church. Id. Basic was away from Centre from 12:17 p.m. to 3:04 p.m. Id. Centre staff confirmed there were no services at First Lutheran Church after 10:45 a.m. that day and services last under an hour. Id.

Basic was provided a copy of the incident report on February 17, 2025. Id. The next day, Basic received notice of disciplinary hearing for this incident. Id. ¶ 13. Basic was again notified of his rights, including the right to have a staff representative and to present witnesses. Id.

A hearing on the second incident report was held on February 19, 2025. Id. ¶ 14. Basic admitted during the hearing he did not attend a church service at First Lutheran Church but claimed he walked around the church. Id. The disciplinary committee found Basic guilty of an escape violation based on his unauthorized absence. Id. Basic was specifically authorized to leave Centre to attend a church service, but he did not attend a service because there was no service to attend and he did not immediately return to Centre. Id. ¶¶ 14-16. Basic was disallowed twenty-seven days of good time credits as a sanction for this violation. Id. ¶ 17.

C.    Petition for § 2254 Relief

Basic filed a petition for habeas corpus relief on September 30, 2025 seeking to expunge the incident reports and have his good time credits restored. (Doc. 1 at 2). Basic asserts Centre permits residents to leave the facility for approved programming and he obtained explicit staff authorization to attend church on February 15 and 16, 2025. Id. He claims he attended the churches for which approval had been granted. Id. at 2-3. Basic posits he fully complied with Centre's rules.

After being assessed a loss of good time credits for those violations, Basic claims he followed the BOP administrative review process as best he could. Basic state he submitted a BP-10 administrative grievance to challenge both incident reports. Id. at 3. He asserts the BP-10 was accepted and processed by the BOP. (See also Doc. 16-2; Doc. 16-3). Basic claims he submitted a BP-11 for the next level of review, but his filing was rejected because it lacked the original carbon-copy duplicates of the BP-10 and institutional responses. (Doc. 1 at 3). Basic claims

3

Centre failed to supply the necessary materials to complete the administrative review process. Id. He requests exhaustion of administrative remedies be excused under the circumstances.

Basic further contends his good time credits should be restored because the disciplinary decision was not supported by sufficient evidence, citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985). Basic also claims he was denied procedural due process because Centre refused to supply the required carbon-copy duplicate that prevented him from pursuing the next level of an administrative appeal.

## II. DISCUSSION

### A. Administrative Exhaustion

Respondents argue Basic's § 2241 petition should be dismissed for failure to completely exhaust the BOP's administrative review process, citing Mathena v. United States, 577 F.3d 943, (8th Cir. 2009) and United States v. Chappel, 208 F.3d 1069 (8th Cir. 2000). (Doc. 15 at 8). The court has reviewed those cases and finds them distinguishable. It appears the petitioners in both Mathena and Chappel made no attempt to present their claims to the BOP before petitioning for habeas corpus relief. Mathena, 577 F.3d at 946 (explaining if the BOP were to deny petitioner's request, he could then seek review of the BOP's decision); Chappel, 208 F.3d at 1069 (affirming dismissal of petitioner's motion because he did not first present his claim to the BOP). Here, Basic pursued an appeal to the regional level, but claims he was unable to pursue the matter further based on Centre's inaction. (Doc. 16-2; Doc. 16-3).

Further, neither Mathena nor Chappel address the Eighth Circuit Court of Appeals' decision in Lueth v. Beach, 498 F.3d 795, 797 (8th Cir. 2007). In Lueth, a prisoner sought a writ of mandamus to correct the BOP's aggregation of his multiple terms of imprisonment into one single twenty-year term followed by a three-year special parole term. Id. at 796. Construing

4

Lueth's claim as a petition for habeas corpus relief under § 2241, the Eighth Circuit issued a merits determination despite an alleged failure to exhaust. Id. The Eighth Circuit held the exhaustion requirement for § 2241 petitions "is judicially created, not jurisdictional." Id. n.3 (citing cases).

As a judicially created doctrine, rather than one specifically mandated by Congress, "sound judicial discretion governs." McCarthy v. Madigan, 503 U.S. 140, 146 (1992). Courts have employed this discretion to excuse compliance with the BOP's administrative remedies in the context of a § 2241 petition. See, e.g., Jiminez v. Warden, No. 3:24-cv-01682, 2025 WL 1233199, at *2 (D. Conn. Apr. 29, 2025); Carr v. Willis, No. CIV 12-4097, 2013 WL 4432242, at *4 (D.S.D. Aug. 14, 2013). Basic submitted an appeal for both disciplinary decisions to the North Central Regional Office. (Doc. 16, ¶¶ 7-8; Doc. 16-2; Doc. 16-3). The North Central Regional Office considered and denied his appeal as to each. (Doc. 16, ¶¶ 7-8). Basic then attempted to appeal the result to the BOP's Office of General Counsel, but his appeal was "rejected/returned for correction–and no further submission by him was made." Id. Basic asserts exhaustion was effectively obstructed because Centre failed to provide the carbon-copy duplicates required to perfect the appeal. (Doc. 1 at 2-3). Respondents deny Basic's version of the events precluding the next level of review. (Doc. 15 at 10-11). The Court, however, does not decide this disputed question of fact.

There is a more compelling reason not to require Basic to complete the final level of administrative appeal, assuming he could at this stage. Basic's term of imprisonment is set to expire within three weeks on December 29, 2025.[1] Basic's petition will become moot if it is

---

[1] The Court further notes review of Basic's petition was delayed by a stay granted to the Respondents due to a lapse in appropriations causing a governmental shutdown. (Doc. 5; Doc. 6). The stay was lifted on November 17, 2025, and a motion to expedite was granted. (Doc. 12).

dismissed to complete the BOP's administrative review process.[2] See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (holding a habeas petition may become moot if during the course of litigation "it no longer present[s] a case or controversy under Article III, § 2 of the Constitution."); Carr, 2013 WL 4432242 at *4 (declining to dismiss § 2241 habeas petition for failure to exhaust when petitioner's release date was within eight months and additional delay would prejudice review of the petition). Thus, the Court will reach the merits of Basic's petition.

### B. BOP's Disciplinary Actions Are Supported by the Evidence

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is a proper means for challenging the BOP's computation of jail credit." United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006). Basic challenges the BOP's conclusion that he committed the prohibited act of escape on February 15 and February 16, 2025. (Doc. 1 at 5-6). He requests his forfeited good conduct time be restored. Id. at 5. Alternatively, Basic requests a new disciplinary hearing for each incident claiming he was denied procedural due process. Id.

"Inmates are entitled to due process of law and prison authorities must provide an inmate with the appropriate level of due process before depriving him of a protected liberty interest." Goff v. Dailey, 991 F.2d 1437, 1440 (8th Cir. 1993). Inmates may not be arbitrarily deprived of their liberty interests, but a full fact-finding hearing is not required in every prison discipline

---

[2] A restoration of Basic's good time credits after he is released from Centre to commence a term of supervised release will provide no benefit to Basic. See United States v. Johnson, 529 U.S. 53, 54-59 (2000) (holding supervised release begins when prisoner is released from prison and serving excess prison time cannot offset supervised release); Smith v. Eischen, No. 24-3575, 2025 WL 2319149, at *1 (8th Cir. Aug. 12, 2025) (dismissing a petition challenging the BOP's calculation and application of petitioner's time credits toward placement in a residential re-entry center as moot when petitioner was eligible for that placement based on the BOP's current calculation); Miller v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008) (same); James v. T.C. Outlaw, Warden, 142 F. App'x 274, at *1 (8th Cir. Aug. 9, 2005) (per curiam) (dismissing habeas petition challenging a wrongful revocation of good-time credit as moot when petitioner was released from prison while his appeal was pending).

case. Id. at 1441. Generally, notice and an opportunity for the prisoner to explain his actions and defend himself before the disciplinary authority is sufficient. Id. at 1442. If the disciplinary decision is based on "some evidence," the constitutional interest in a non-arbitrary decision is satisfied. Id.

Here, Basic cannot prevail on either the procedural or substantive prong of his due process claim. The Supreme Court holds that due process in correctional facilities is satisfied when an inmate receives "written notice of the charges;" "a brief period of time after the notice . . . to prepare;" "a written statement by the factfinder as to the evidence relied on and reasons for the disciplinary action;" and the ability for an inmate to "call witnesses and present documentary evidence." Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974); see also Espinoza v. Peterson, 283 F.3d 949, 951-52 (8th Cir. 2002) (outlining requirements for a disciplinary hearing that may result in the loss of good time credits, citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985)). Centre provided those essential due process requirements to Basic. He was informed of the nature of the violations, given a day or two notice before the hearing date, allowed to have staff representation at the hearing, and given an opportunity to present witnesses and other evidence at the disciplinary hearing. (Doc. 19, ¶¶ 7-8, 11, 13-14, 17). He also received a written statement of the evidence relied on and the reasons for the disciplinary action in each instance. (Doc. 18-1; Doc. 18-2). Basic, therefore, received all the protections procedural due process requires.

The evidence adduced at the disciplinary hearing also satisfies the "some evidence" rule. See Espinoza, 283 F.3d at 952. "[A] prison administrative sanction will stand if there is some evidence to support the sanction." Gomez v. Graves, 323 F.3d 610, 612 (8th Cir. 2003). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion

reached by the disciplinary board." Id. (quoting Hill, 472 U.S. at 455-56). "[A] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation[.]" Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008).

In each instance, Centre confirmed the details of Basic's leave from the facility. (Doc. 19, ¶¶ 6, 12). In each instance, the staff member learned no church services occurred during the times Basic was approved for leave to attend church. Id. In each instance, Basic admitted he did not attend a church service, but either sat in or walked around the church. Id. ¶¶ 8, 14. The Court concludes Centre's disciplinary decisions in each instance were supported by "some evidence." Thus, Basic's challenge to those disciplinary sanctions do not warrant habeas relief.

### III.   CONCLUSION

For those reasons, Basic's petition for § 2241 relief (Doc. 1) is **DENIED**. Respondents' motion to dismiss for want of jurisdiction for failure to exhaust (Doc. 21) is also **DENIED**. The Court finds any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 10th day of December, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter
United States Magistrate Judge